Craig Sanders (SBN: 284397)
  csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Morgan Howarth,<br><br>Plaintiff,<br><br>v.<br><br>In N Out Builders Inc,<br><br>Defendant. | Case No:  **'26CV4362 JES  MSB**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501**<br><br>JURY TRIAL DEMANDED |

Plaintiff Morgan Howarth ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant In N Out Builders Inc ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.     Plaintiff is a professional photographer whose work has been widely recognized throughout the architectural, landscape, design, commercial, and editorial-photography industries.

3.     For many years, Plaintiff has devoted his career to creating original

PLAINTIFF'S COMPLAINT

photographs depicting residential properties, luxury landscapes, outdoor living spaces, architecture, construction projects, kitchens, bathrooms, gardens, pools, and other design-related subjects.

4.  Plaintiff's photographs are routinely licensed for authorized editorial, commercial, promotional, marketing, and digital-media uses. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original photographic works.

5.  Plaintiff created a photograph depicting a master bathroom (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

6.  Defendant owns and operates the website located at www.innoutremodeling.com (the "*Website*").

7.  Upon information and belief, Defendant uses the Website to advertise, market, promote, and showcase its remodeling, construction, renovation, design, and related services.

8.  Upon information and belief, Defendant derives commercial benefit from operation of the Website through customer acquisition, lead generation, business development, brand promotion, and related revenue-generating activities.

9.  Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

10. Plaintiff is a citizen of the State of Virginia and maintains a principal place of business in Prince William County, Virginia.

11. Defendant In N Out Builders Inc. is a California corporation with a principal place of business at 2621 Denver Street, San Diego, California 92110.

2

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

13.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

14.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

### A.    Plaintiff's Copyright Ownership

15.    Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographic works.

16.    Plaintiff's photographs are valuable intellectual-property assets that are commercially licensed to publishers, media outlets, websites, businesses, design firms, marketing agencies, contractors, and other third parties for authorized use in digital and print media.

17.    Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of his photography business.

18.    Plaintiff actively protects his copyrighted works against unauthorized reproduction, distribution, and display.

19.    Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with

PLAINTIFF'S COMPLAINT

the market for authorized licenses.

20.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office ("USCO") covering many of his photographs.

21.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

22.    Plaintiff first published the Photograph in 2018. A copy of the Photograph is attached hereto as Exhibit 1.

23.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, camera equipment, framing, and other creative elements utilized in the creation of the Photograph and made each and every artistic determination necessary for its creation.

24.    On September 14, 2019, the Photograph was registered by the USCO under Registration No. VA 2-174-303.

25.    Plaintiff created the Photograph with the intention that it be used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

26.    Defendant is the registered owner of the Website and is responsible for its content.

27.    Defendant is the operator of the Website and is responsible for its content.

28.    The Website is a part of and used to advance Defendant's commercial enterprise.

29.    Upon information and belief, Defendant derives commercial benefit from operation of the Website by increasing customer engagement, enhancing brand visibility, attracting prospective customers, generating business opportunities, promoting its services, and increasing revenues associated with its commercial operations.

PLAINTIFF'S COMPLAINT

30. Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

31. Upon information and belief, Defendant is a sophisticated business operating in an industry in which the use of professional photography and copyrighted content is prevalent.

32. Upon information and belief, Defendant derives commercial benefit from displaying professional photographs depicting residential interiors, home renovations, remodeling projects, kitchens, bathrooms, and other design-related imagery in connection with promoting its services and business operations.

33. Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

34. Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs on the Website.

35. Upon information and belief, Defendant is a sophisticated commercial enterprise that regularly utilizes professional photography and visual content in connection with the promotion of its remodeling, construction, renovation, and related services.

36. On or about August 2025, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on the Website as part of an on-line self-promotional advertisement of its services at URL: https://www.innoutremodeling.com/ ("*Infringement 1*"). A copy of a screengrab depicting Infringement 1 is attached hereto as Exhibit 2.

PLAINTIFF'S COMPLAINT

37. On or about August 2025, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on the Website as part of an on-line self-promotional advertisement of its services at URL: https://www.innoutremodeling.com/bathroom-remodeling/ ("*Infringement 2*"). A copy of a screengrab depicting Infringement 2 is attached hereto as Exhibit 2. (Hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

38. The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://www.innoutremodeling.com/wp-content/uploads/2025/08/IMG_2637.webp.

39. The Infringements are exact copies of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

40. On July 27, 2026, Plaintiff caused the Website to be preserved by the Internet Archive's Wayback Machine at URLs: https://web.archive.org/web/20260727221924/https://www.innoutremodeling.com/ and https://web.archive.org/web/20251212035001/https://www.innoutremodeling.com/bathroom-remodeling/.

41. The Internet Archive preservation captured and preserved the Infringements appearing on the Website and confirmed that the Photograph remained publicly displayed on the Website.

42. Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph.

43. The Infringements each include a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-

6

PLAINTIFF'S COMPLAINT

transitory period of time.

44. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

45. Defendant exercised control over the content published on the Website and was responsible for selecting, uploading, publishing, displaying, and distributing the Photograph.

46. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased customer engagement, brand promotion, and business-development opportunities.

47. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

48. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

49. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

50. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

51. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

52. Upon information and belief, Defendant has received a financial benefit

PLAINTIFF'S COMPLAINT

directly attributable to the Infringements.

53. Upon information and belief, the Infringements increased engagement with the Website and generated additional customer interest, brand visibility, promotional value, and commercial value for Defendant.

54. Upon information and belief, Defendant distributed the Infringements to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, promotional exposure, and business-development opportunities.

55. Defendant's use of the Photograph harmed the actual market for the Photograph.

56. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

57. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

58. On or about April 22, 2026, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

59. Thereafter, on or about May 22, 2026, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

60. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims.

61. Further, despite receiving notice of Plaintiff's claims, Defendant continued to display the Infringements and failed and/or refused to remove the

PLAINTIFF'S COMPLAINT

Infringements.

62.    The Infringements remained publicly accessible on the Website as of July 27, 2026, when Plaintiff preserved the Website through the Internet Archive's Wayback Machine at URLs: https://web.archive.org/web/20260727221924/https://www.innoutremodeling.com/ and https://web.archive.org/web/20251212035001/https://www.innoutremodeling.com/bathroom-remodeling/.

63.    Defendant's continued display of the Infringements after receiving actual notice of Plaintiff's claims evidences willful infringement and a deliberate disregard for Plaintiff's rights under the Copyright Act.

64.    Upon information and belief, Defendant's continued display of the Infringements after receiving actual notice of Plaintiff's claims was intentional, knowing, and willful and was undertaken in conscious disregard of Plaintiff's rights under the Copyright Act.

65.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

66.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

67.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

68.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

69.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in

PLAINTIFF'S COMPLAINT

the copyright to Defendant.

70.    Without permission or authorization from Plaintiff and in violation of Plaintiff's rights under 17 U.S.C. §106, Defendant copied, reproduced, distributed, and publicly displayed the Photograph, thereby violating Plaintiff's exclusive rights under the Copyright Act.

71.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

72.    Upon information and belief, Defendant willfully infringed Plaintiff's copyrighted Photograph in violation of Title 17 of the United States Code by using, publishing, posting, displaying, communicating, publicizing, and otherwise holding out to the public for commercial benefit Plaintiff's original Photograph without Plaintiff's license, consent, or authorization.

73.    As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to an award of actual damages and disgorgement of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. §504(c).

74.    As a result of Defendant's violations of Title 17 of the United States Code, the Court in its discretion may allow recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. §505.

75.    As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyrights pursuant to 17 U.S.C. §502.

## JURY DEMAND

76.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a

PLAINTIFF'S COMPLAINT

judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by reproducing, distributing, and publicly displaying it without a license or authorization;

b. for an award of actual damages and disgorgement of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. §504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: July 30, 2026

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 145314

*Attorneys for Plaintiff*

11
PLAINTIFF'S COMPLAINT